ROSENTHAL *v.* WILSON.

VENDOR AND PURCHASER—SET-OFF AND RECOUPMENT.

Where the purchaser of the vendor's interest in a land contract was allowed to retain part of the purchase price for the purpose of paying past-due taxes which it was the duty of the vendee to pay, and agreed to undertake to recover same from the vendee and repay the vendor after deducting expenses and attorney's fees in connection therewith, but said purchaser made no attempt to collect from the vendee, and, instead, instituted summary proceedings and recovered possession of the premises conveyed, thus preventing herself from being able to recover for said taxes, she is liable for the amount so retained, with interest, with no right to deduct therefrom the attorney's fees and costs in the summary proceedings, or the amount of the mortgage tax on the contract, which, presumably, she paid in order that she might enforce the contract.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted June 7, 1928. (Docket No. 59, Calendar No. 33,748.) Decided October 1, 1928.

Assumpsit by David Rosenthal and another against Matilda R. Wilson for taxes paid. Judgment for plaintiffs for less than amount claimed. Plaintiffs and defendant bring error. Reversed, and judgment ordered entered for plaintiffs for full amount.

*Joseph B. Beckenstein* (*John Sklar,* of counsel), for plaintiffs.

*Bishop & Weaver,* for defendant.

POTTER, J. Charles C. Adams and Adeline Adams, his wife, were the owners of the premises indirectly

involved herein.  They sold them by land contract to
James W. Martin and Marguerite I. Martin, his wife.
There was yet due on this contract from the Martins
to Adams and wife $123,000 when Martin and wife
sold the premises on land contract to Helen C.
Ballagh.  By the contract between the Martins and
Ballagh the vendee was to enter said premises for
taxation in her own name, and pay, within 40 days
after the same should become payable, all taxes and
assessments extraordinary as well as ordinary that
might be levied thereon, including the State and
county taxes for the year 1921.  In case the vendee
failed to pay the taxes and assessments vendors
might pay and discharge the same, and the amounts
paid therefor should be a part of the principal sum
due on the contract and become payable forthwith
with interest at the rate of 7 per cent. per annum.
Time was made the essence of the contract.  In case
of default upon the part of the vendee, the vendors
had the right to declare the contract void, retain
whatever might have been paid thereon, together
with the buildings and improvements on the prem-
ises, as stipulated damages; could consider and treat
the vendee as a tenant holding over without permis-
sion; and might, without notice, written or other-
wise, take immediate possession of the premises
and remove the vendee therefrom.  Should the vend-
ors be in default in their payments on the Adams
contract, vendee might pay such defaulted amounts
and be entitled to credit on the contract and the suc-
ceeding payments to become due thereon on present-
ing proper receipt for the payments made on the
Adams contract.  May 15, 1925, Martin and wife
sold and assigned their right and title in the con-
tract to David Rosenthal.

David Rosenthal and Bessie Rosenthal, his wife,
July 6, 1926, sold their vendor's interest in this land

contract to Matilda R. Wilson, and Matilda R. Wilson gave back to David Rosenthal and Bessie Rosenthal, his wife, an agreement in writing as follows:

"Detroit.

"July 6, 1926.

"David Rosenthal and
"Bessie Rosenthal.

"*Dear Sir and Madam:* I have this day purchased your interest in land contract bearing date September 15, 1921, between James W. Martin and Marguerite I. Martin, his wife, as vendors, and Helen C. Ballagh, as vendee, for the sale of the following premises in the city of Detroit, Michigan, to-wit: Lot No. 12 of block 81 of the subdivision of blocks 81 and 82 of the Western addition to the city of Detroit, of the plat of the Cass farm according to the plat recorded in liber 1 of plats, on pages 92 and 93, Wayne county records, and with your consent a part of the purchase price is to be used for the payment of the following accrued taxes, to-wit:

"1925 city taxes in the sum of $2,833.20 and

"1925 State and county taxes in the sum of $674.81.

"It is my understanding, to which you consent, that the above amount for city taxes and State and county taxes respectively, shall be paid out of the part of the purchase price so retained, and that I shall undertake to recover from the present holders of the vendee's interest in the aforesaid land contract the amount of the aforesaid taxes in accordance with, and as provided in said land contract, and the amount so recovered shall be repaid to you.

"It is expressly understood that all expenses and attorney fees in connection with any proceedings to collect said taxes shall be paid by you and deducted from any amount collected in such proceedings.

"Yours truly,

(Sgd.) "Matilda R. Wilson.

"MHB/ACL."

Helen C. Ballagh assigned her vendee's interest in this contract to John Albert Campbell and Laura B. Campbell, his wife, and March 17, 1926, John Albert Campbell and Laura B. Campbell assigned their vendee's interest in such contract to Cortez R. Hall. In this assignment there was a specific mention of the furnishings of the 30 apartments, including furniture, bedding, dishes, etc., in the building located thereon and known as the Martin apartment, said furniture and furnishings to become as realty and not to be removed from the building until the entire contract should be fulfilled.

April 6, 1926, Cortez R. Hall and Bertha W. Hall, his wife, assigned their interest in such contract to the Hall-Doyle Company. The Hall-Doyle Company defaulted in the payments to be made by vendee under such contract, and Matilda R. Wilson filed a complaint before Samuel L. May, circuit court commissioner of Wayne county, September 10, 1926, to recover possession of the premises, and October 4, 1926, recovered a judgment of restitution of the premises. In pursuance of the statute, the commissioner found the amount due from vendees under such contract $10,507.91, together with costs of $6.50. This amount was determined as follows: Principal due on contract $2,508; Interest due October 2, 1926, $4,492; Taxes $3,507.91; Costs $6.50.

November 8, 1926, a writ of restitution was issued upon the judgment rendered by the circuit court commissioner, directed to the sheriff or any constable in said county directing him or them to remove and dispossess the defendant in said suit, and to give plaintiff restitution of the premises. The officer's return to the writ shows restitution of the premises was had December 3, 1926. The plaintiffs, David Rosenthal and Bessie Rosenthal, instituted suit

against Matilda R. Wilson, March 18, 1927, alleging that on July 6, 1926, plaintiffs agreed to sell the property and assign their interest in the contract to the defendant, who agreed to undertake to recover of and from the Hall-Doyle Company, the then vendee of said land contract, the amount of the 1925 city taxes and the amount of the State and county taxes, making a total of $3,507.91; that this amount was deducted from the consideration due the plaintiffs and retained in defendant's possession; that defendant had failed, neglected, and refused to undertake to recover from the Hall-Doyle Company the amount of the taxes, but instead had released the Hall-Doyle Company from any obligation under the land contract and from its obligations to pay the taxes without the knowledge or consent of plaintiffs. Attached to the declaration was a copy of the contract between plaintiffs and Matilda R. Wilson under date of July 6, above quoted.

At the conclusion of the testimony on the trial, plaintiffs moved for a directed verdict in the sum of $3,507.91, with interest at 5 per cent. from September 10, 1926, when the summary proceedings were instituted. Defendant moved for a directed verdict in favor of defendant and against the plaintiffs of no cause of action. Before the institution of summary proceedings to recover possession of the premises, the mortgage tax on the land contract was paid by defendant in the sum of $1,500. Defendant also paid $250 as counsel fees in the summary proceedings case and $1.50 costs in the commissioner's court. The trial court deducted from the amount claimed by plaintiffs, $3,507.91 with interest, the sum of $1,751.50, the amount of the set-off or counterclaim of defendant, and rendered judgment for the balance plus the interest thereon, making a total of $1,880.83, and both parties bring error.

Plaintiffs say the trial court erred in refusing to direct a verdict for plaintiffs for the full amount, $3,507.91 with interest from August 26, 1926, and in allowing the claims to defendant for $1,500 mortgage tax, $250 attorney's fees and $1.50 expended in connection with the summary proceedings for costs. Defendant claims the court erred in refusing to direct a verdict for defendant of no cause of action and in directing a verdict for plaintiffs against defendant for $1,880.83.

When the Hall-Doyle Company accepted the assignment of the Martin contract April 6, 1926, it became bound by the stipulations, conditions, and regulations therein contained. Among these, vendee was to pay all taxes and assessments levied or assessed against the premises, and upon failure to do so vendors might pay them and the amounts paid should be deemed a part of the principal amount due on the contract payable forthwith with interest. Defendant recognized this liability. When she purchased the vendors' interest in the contract she desired immediate payment of the taxes to protect her interest. She therefore deducted from the purchase price due plaintiffs $3,507.91, the amount of the taxes, that she might immediately pay them. Defendant did not undertake or attempt to recover from the then present holders of vendee's interest in the land contract the amount of the taxes as provided in her contract. She did not repay plaintiffs any part of the amount deducted from the purchase price for defendant's use and benefit in immediately paying the taxes and discharging the lien thereof. She has been to no expense and paid out no attorney's fees in connection with any proceeding to collect said taxes. On the contrary, defendant terminated the contract which had been accepted by the Hall-Doyle Company and permanently disabled her-

self from recovering from it for its default in paying the taxes which, if paid by her, she might add to the principal amount due upon the contract. She acquired plaintiff's rights with full knowledge of all the facts. The contract was not void, even though the mortgage tax had not been paid. She paid the tax presumably in order to enforce the contract. We are unable to find that defendant was entitled to set off against plaintiff's claim any of the items deducted therefrom by the trial court.

Judgment is reversed and remanded, with instructions to enter judgment for plaintiffs for the amount of their claim, with costs.

FEAD, C. J., and WIEST and SHARPE, JJ., concurred.

NORTH, FELLOWS, CLARK, and McDONALD, JJ., concurred in the result.